UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ASHER WAGH,

Defendant.

**OPINION AND ORDER**

25-CR-00668 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant Asher Wagh ("Wagh") moves *pro se* seeking early termination of his supervised release. (Doc. 3, the "Motion"). On August 10, 2026, the Government filed a letter stating that the Government and the Probation Office do not object to the early termination of supervised release. (Doc. 6, "Gov't Letter").[1]

For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND[2]

In 2012, Mr. Wagh purchased an existing ammunition component manufacturing company, renamed the company Captech International, LLC, and moved the company to Rapid City, South Dakota. (PSR ¶ 8). From 2015 to 2017, Mr. Wagh failed to pay the Internal Revenue Service $187,001.99 in taxes that he withheld from employee wages. (*Id.*). He also failed to pay $86,764.99 of the employer portion of taxes on wages paid to employees, resulting in a total tax loss of $273,766.98. (*Id.*).

On October 16, 2023, Mr. Wagh pled guilty to failure to withhold, properly account for, and pay over tax, in violation of 26 U.S.C. § 7202. (*Id.* ¶ 2). On February 8, 2024, Mr. Wagh was

[1] Citations to the parties' filings correspond to the pagination generated by ECF.

[2] The Court draws the background facts principally from the record of the underlying criminal proceeding, including the Amended Presentence Investigation Report dated December 13, 2023, prepared by the Probation Office in the District of South Dakota in connection with Mr. Wagh's sentencing ("PSR"), and the parties' submissions.

sentenced to a term of 14 months' imprisonment, to be followed by 2 years' supervised release. (Doc. 2, "Judgment"). On November 1, 2024, Mr. Wagh commenced his term of supervision. (Motion at 2; Gov't Letter at 2). On December 5, 2025, the case was transferred from the Western District of South Dakota to the Southern District of New York and assigned to the undersigned. (Doc. 1). Mr. Wagh's term of supervised release ends on October 31, 2026. (*Id.*).

## STANDARD OF REVIEW

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When assessing a motion for early termination of supervised release, the Court must also consider certain § 3553(a) factors. *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).[3] These factors include "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Id.* at 35.[4]

A district court is not required "to make specific findings of fact with respect to each of the Section 3553(a) factors." *United States v. Torres*, No. 21-2511-cr, 2022 WL 17087048, at *3 (2d Cir. 2022). "[A] statement that the district court has considered the statutory factors is sufficient." (*Id.*). The Court must also make an "individualized assessment of the need for ongoing supervision" under the November 2025 Sentencing Guidelines. *See* U.S.S.G. § 5D1.4(b). The Sentencing Commission, in the November 2025 Sentencing Guidelines amendments, also issued

[3] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

[4] 18 U.S.C. § 3583(e) provides that a district court may terminate a term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)".

a policy statement outlining a non-exhaustive list of factors that courts may wish to consider when determining whether to terminate supervised release. *See* U.S.S.G. § 5D1.4(b), comment n.1(B).[5]

"The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss*, No. 21-CR-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022). "Early termination is not warranted as a matter of course, and decisions regarding termination of supervised release are within the discretion of the district court." *United States v. Fernandez*, No. 10-CR-00905, 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025). "Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

The Second Circuit, in *Lussier*, observed that "[o]ccasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's

---

[5] These factors are:

> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; (vi) and whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4(b), comment n.1(B).

ability to pay a fine or restitution imposed as conditions of release" may justify modification of the terms of supervised release. 104 F.3d at 36.

The Second Circuit has also clarified that "[s]o long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). Accordingly, "the plain language of *Lussier* . . . does not require new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification." *Id.*

## ANALYSIS

Based on the conduct of the Defendant, the interest of justice, and the pertinent § 3553(a) factors, the Court finds that early termination of supervised release is appropriate under 18 U.S.C. § 3583(e)(1). According to Probation, Mr. Wagh has: (1) maintained stable residence; (2) maintained stable employment at a real estate firm; (3) made restitution payments of $800 on a monthly basis since November 2024; (4) paid his $100 special assessment; and (5) complied with all terms of supervision. (Gov't Letter at 2). Mr. Wagh has also been transferred to Probation's administrative, low-intensity caseload where oversight and his reporting requirements are minimal as he is only required to submit monthly supervision reports online. (*Id.*).

"It is significant to the Court that Mr. [Wagh] has been placed on the Probation Office's administrative caseload . . . . While the Court recognizes that there are differences between administrative supervision and no supervision at all, it does not believe that the marginal benefits of retaining administrative supervision outweigh the factors supporting early termination of supervised release," which here include Mr. Wagh's compliance with the terms of supervised

release, his stable employment, his steady restitution payments, his lack of criminal history, the absence of any contact with law enforcement since his conviction, and Mr. Wagh's completion of approximately one year and ten months of his two years of supervised release. *United States v. Diaz*, No. 14-CR-00108, 2025 U.S. Dist. LEXIS 131363, at *4-5 (S.D.N.Y. July 10, 2025). The Court's decision to terminate Mr. Wagh's supervised release is further buttressed by the Government and Probation's approval of early termination.

## CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 3, and mail a copy of this Opinion and Order to Mr. Wagh at 20 Park Lane, Nanuet, New York 10954.

**SO ORDERED:**

Dated: White Plains, New York
August 17, 2026

Philip M. Halpern
United States District Judge